11-1538-ag
Chen v. Holder

BIA
A073 575 989

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

CHUN YONG CHEN,
> *Petitioner,*

v.                                        11-1538-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Charles Christophe, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Andrew N. O'Malley, Trial Attorney, Office of Immigration Litigation, Civil

**Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chun Yong Chen, a native and citizen of the People's Republic of China, seeks review of a March 25, 2011, order of the BIA denying his motion to reopen. *In re Chun Yong Chen*, No. A073 575 989 (B.I.A. Mar. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have reviewed the agency's denial of Chen's motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

Because Chen's motion to reopen was untimely, he was required to establish changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C). Chen presented the agency with evidence describing the persecution of Christians in China from 2008 to 2010, but he did not present the BIA with any evidence about conditions for Christians in China in 1996, the time of his original merits hearing. In evaluating evidence of changed country conditions, the BIA "compare[s]

2

the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Accordingly, because Chen did not in 2010 present the BIA with any evidence about conditions in China in 1996, the BIA reasonably concluded that he failed to demonstrate a change in conditions that would justify reopening. *See id.; accord Moosa v. Holder*, 644 F.3d 380, 386-87 (7th Cir. 2011) (upholding BIA's finding that applicant had not established changed country conditions because she did not present evidence about conditions in Pakistan as they had existed at the time of her 2001 merits hearing to provide a "baseline for comparison" and thus did not establish that there had been a change in the influence of the Taliban since that time). Because the BIA reasonably concluded that Chen did not establish a change in country conditions, it did not abuse its discretion by denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3